[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13470
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-02188-RLV

SANDRA E NOLLEY,

                                                            Plaintiff-Appellant,

versus

THE BELLSOUTH LONG TERM DISABILITY
PLAN FOR NON-SALARIED EMPLOYEES,
a.k.a. AT&T Disability Income Program, et al.,

                                                            Defendants,

AT&T SERVICES, INC.,
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,
a.k.a. AT&T Integrated Disability Service Center,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 1, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Sandra E. Nolley, proceeding pro se, appeals from the district court's order granting summary judgment in favor of AT&T Services, Inc. ("AT&T Services") and Sedgwick Claims Management Services, Inc. ("Sedgwick"), in her civil action alleging wrongful termination of long term disability ("LTD") benefits, brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). On appeal, Nolley argues that the district court erred by granting summary judgment on her ERISA claims because: (1) Sedgwick's decision to terminate her LTD benefits was " de novo" wrong; (2) Sedgwick was not vested with discretionary authority to review claims; and (3) Sedgwick's decision was not supported by reasonable grounds. After thorough review, we affirm.

We review a district court's ruling affirming a plan administrator's ERISA benefits decision de novo, applying the same legal standards as the district court. Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1354 (11th Cir. 2011).

Under ERISA's civil enforcement provisions, a plan participant may bring a civil action against the plan administrator to recover wrongfully denied benefits due to her under the terms of the plan. See 29 U.S.C. § 1132(a)(1). Although ERISA itself does not provide any standards for judicial review of a plan administrator's benefits determination, the Supreme Court has articulated a

2

framework for judicial review, which we have distilled into a six-part test. Melech

v. Life Ins. Co. of N. Am., 739 F.3d 663, 672 (11th Cir. 2014). Thus, a court

reviewing a plan administrator's benefits decision should conduct the following

multi-step analysis:

> (1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.
>
> (6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

Blankenship, 644 F.3d at 1355.

In tackling the first prong of the six-part test, we review the administrator's

decision for correctness, based upon the evidence before the administrator at the

time of its benefits decision. Melech, 739 F.3d at 672. If we would have reached

3

the same decision as the administrator, the judicial inquiry ends, and judgment in favor of the administrator is appropriate. Id. at 672-73.

In this case, the district court did not err by granting summary judgment on Nolley's ERISA claims because Sedgwick's decision to terminate Nolley's LTD benefits was not "de novo wrong." As the record shows, Sedgwick based its adverse benefits decision on the fact that Nolley no longer met the Plan's definition of "disabled," and the record reveals that it relied on the judgment of independent professionals in reaching this conclusion. Although Nolley's psychiatrist concluded that she was incapable of working due to her depression, his progress notes indicate that the majority of her cognitive processes were within normal limits. Furthermore, Sedgwick retained multiple independent physician advisors to review Nolley's medical records and assess whether she possessed any work capacity, and each of them concluded that there were no objective findings substantiating the conclusion that she was unable to work. As a result, the record supports Sedgwick's conclusion that Nolley no longer met the Plan's definition of "disabled," and we cannot say that Sedgwick's termination of her benefits was "de novo wrong."

Nor can we find error in Sedgwick's benefits decision simply because it denied her claim for LTD benefits based on her failure to furnish objective medical

4

evidence of her disability. The relevant Plan document specifically provided that LTD benefits would terminate if Nolley failed to furnish objective medical evidence demonstrating the continuing nature of her disability, and the claims administrator may rely on such a provision in making its determination to terminate benefits. Moreover, a representative of Sedgwick actually informed Nolley and her treating psychiatrist of the need to provide objective medical evidence of her disability; notified them that her treating psychiatrist's treatment records were deficient in this respect; clarified that the requisite objective medical evidence should support the conclusion that Nolley was not capable of performing any occupational duties; and then provided an example of the type of evidence that might suffice.

In short, based on the record available to Sedgwick at the time it terminated Nolley's LTD benefits, we cannot conclude that its decision was wrong. Because we have not concluded that Sedgwick's benefits-denial decision was "wrong," our judicial inquiry has ended, and we must affirm. See Melech, 739 F.3d at 672.

**AFFIRMED**.